UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-607-R

HAYDAR RASHID AL BYATI                                                              PETITIONER

v.

MICHAEL B. MUKASEY, et al.                                                         RESPONDENTS

**MEMORANDUM OPINION**

This matter is before the Court upon Petitioner's Motion for Attorney Fees (Docket #41). Respondents have filed a response (Docket #48) and Petitioner has replied (Docket #50). Respondents have also filed a surreply (Docket #55). For the foregoing reasons, Petitioner's Motion for Attorney Fees is DENIED.

**BACKGROUND**

Several discrepancies exist between the parties concerning the procedural posture of this case. The Court has extensively reviewed the record in an effort to resolve these discrepancies. Accordingly, the Court now sets forth the chronology of events leading to Petitioner's Motion for Attorneys Fees.

On November 1, 2007, Petitioner Haydar Rashid Al Byati filed a petition against Respondents (the "Government") for a hearing on the status of his naturalization application. Petitioner, then a lawful permanent resident of the United States and Iraqi national, applied for naturalization in December 2002. In August 2003, he passed his naturalization examination. However, Petitioner was not naturalized. His application remained unapproved because the Federal Bureau of Investigations had yet to complete a required background or "name check." Because the United States Citizenship and Immigration Services ("USCIS") took more than 120

days to make its naturalization determination, Petitioner moved the district court for a hearing on the matter pursuant to 8 U.S.C. §1447(b).

In March 2008, Petitioner moved the Court to grant his naturalization based on the Government's continued failure to conduct a background check.  The Government objected to Petitioner's motion, arguing that the motion was unsubstantiated.  On June 20, 2008, the Government sent a letter to Petitioner's attorney notifying her that the USCIS had scheduled a "N-400 Update Interview" with Petitioner for June 30, 2008.  The letter did not state the purpose of the interview.  On June 25, 2008, Petitioner moved for summary judgment, arguing that the Government's five year delay in processing Petitioner's naturalization application was unreasonable as a matter of law.  The following day, the Government moved to stay the proceedings based on Petitioner's upcoming interview with the USCIS.  Petitioner opposed the stay, arguing that the USCIS had scheduled a "N-400 Update Interview," which did not necessitate that the Government was moving forward with Petitioner's naturalization application.  As Petitioner indicated, an update interview does not constitute a background check.

On June 27, 2008, the Court held a telephonic conference with both parties regarding the aforementioned motions.  During the teleconference, the Government informed Petitioner and the Court that a decision by the USCIS regarding Petitioner's naturalization application was forthcoming.  Nonetheless, in an effort to resolve the matters pending before it, the Court issued a corresponding Order on June 30, 2008 denying the Government's Motion to Stay proceedings. The Order consolidated Petitioner's Motion to Grant Naturalization with Petitioner's Motion for Summary Judgment and necessitated that the Government respond to Petitioner's Motion for Summary Judgment by August 7, 2008 and Petitioner reply by August 14, 2008.  Finally, the

Order set a hearing date of August 18, 2008.

On August 27, 2008, the Government moved for remand based on the USCIS approval of Petitioner's naturalization application on August 5, 2008. In response, Petitioner moved to dismiss the action, opposing remand. The Government did not oppose the entry of an order granting Petitioner's motion for voluntarily dismissal of the action with prejudice. Following a telephonic conference held on August 18, 2008, the Court dismissed the action before it as moot, except for the remaining issue of attorney fees. Now before the Court is Petitioner's Motion for Attorney Fees.

## ANALYSIS

Under the Equal Access to Justice Act ("EAJA"), Congress has authorized the award of attorney fees and other expenses to "the prevailing party" in a civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). In awarding attorney fees, Congress specified that "[t]he court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. §2412(d)(1)(C). Congress further provided that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A).

The Sixth Circuit has reduced the criteria for awarding attorney fees under the EAJA to

four requirements: "(1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment." *Townsend v. Social Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). Therefore, the Court first considers whether Petitioner was a prevailing party.

Under the EAJA, Congress did not define the term "prevailing party."[1] However, the Sixth Circuit has stated that all fee shifting statutes should be treated consistently with the Supreme Court's understanding of the term "prevailing party" in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Resources*, 532 U.S. 598 (2001). *See Chambers v. Ohio Dep't of Human Services*, 273 F.3d 690, 693 n.1 (6th Cir. 2001); *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid*, 717 F.2d 964, 966 n.2 (6th Cir. 1983)(finding that "Congress intended that 'prevailing party' as used in the Equal Access to Justice Act be read consistently with its use in other fee-shifting statutes").

In *Buckhannon*, the Supreme Court considered a petitioner's request for attorneys fees as the "prevailing party" under the Fair Housing Amendments Act. 532 U.S. 598, 601 (2001). The petitioner's request for attorney fees was based on the "catalyst theory," which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about

---

[1] There is one exception. Congress did define "prevailing party" in the case of eminent domain proceedings as "a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government." 28 U.S.C. §2412(d)(2)(H).

a voluntary change in the defendant's conduct." *Id.* The Court denied the petitioner's request, explicitly rejecting the catalyst theory and concluding that only enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. *Id.* at 604-05 (citing *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989)). The Court concluded that a petitioner cannot be a prevailing party where there is no "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605.

Petitioner contends that he is a prevailing party because the Court's Order scheduling a hearing date of August 18, 2008 constituted a judicially sanctioned decision that Petitioner was entitled to and had been denied a prompt hearing regarding his naturalization application. In support of this contention, Petitioner cites *Sapir v. Ashcroft*, a district court case with analogous facts wherein the plaintiffs moved the court to enter an order declaring them prevailing parties after the government granted their naturalization applications and they became citizens, thus rendering their request for a hearing moot. 2003 U.S. Dist. LEXIS 26953 *1-2 (M.D. Tenn. 2003). Although no hearing had taken place, the district court reasoned that its decision to grant the hearing "amounted to a decision that [the plaintiff's] naturalization application had been wrongfully delayed and he was entitled under the Immigration and Naturalization Act to a prompt decision on his application." *Id.* at *7. The court concluded that one of the plaintiffs was a prevailing party because the government's action granting his naturalization "was due to the court's granting the hearing, rather than simple initiation of the instant suit" and thus complied with the prevailing party standard under *Buckhannon*. *Id.*

Respondents counter that the Court's June 30, 2008 Order made no findings of fact or

5

determinations of law altering the relationship between the parties, nor did it enter an order of relief for either party. Respondents contend that Petitioner's attorney was informed on June 20, 2008, five days before Petitioner filed his Motion for Summary Judgment, that the USCIS was moving forward with his naturalization application. Therefore, Respondents argue that the USCIS had concluded its process and made its determination regarding Petitioner's naturalization before the Court issued its Order granting a hearing.

The Court regards its June 30, 2008 Order as procedural, and not substantive. The Order was neither an enforceable judgment nor a consent decree. The Court merely sought the continuation of the action in an effort to encourage the process already ongoing between the parties. In fact, the Court clearly stated to both parties during its June 27, 2008 teleconference that it expected this matter resolved prior to the hearing date. Only if the USCIS failed to take action by that time would the Court then find it prudent to take action in regard to Petitioner's application.

Thus, at no time did the Court take any action to "judicially sanction[ ] [a] change in the legal relationship of the parties" as is required by *Buckhannon*. The Court merely facilitated a process that was already ongoing between the parties. The Court is reluctant to make this ruling because the initiative of Petitioner's counsel certainly was the catalyst that led to Petitioner's naturalization. Despite this effective representation, the Court finds that Petitioner is not a prevailing party.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Attorney Fees is **DENIED**.

An appropriate order shall issue.

6